## Ludwick vs. Bailey.

In an action for deceit and false warranty, the contract, as proved, should correspond with the averments in the declaration; but it is sufficient if the contract, as alleged and proved, be in substance and legal effect, the same: as where it is alleged that the consideration, on the purchase of property, was paid in money; and the proof is, that the property was taken at a specific price upon the sale of property to the warrantor.

*Appeal from Yell Circuit Court.*

Hon. John J. Clendenin, Circuit Judge.

Mr. Hollowell, for the appellant, contended that there was a variance between the contract, as alleged in the declaration, and that proved upon the trial, and cited the cases of *Johnson & Grimes vs. McDonald*, 15 *Ark.* 109; *Penn vs. Stuart*, 6 *Eng.* 41; *Turner vs. Higgins*, *ib.* 337; 1 *Chitty* 299, 304.

Williams & Williams, for the appellee, contended that there was no variance between the allegation in the declaration and the proof as to the contract—that the contract, as proved, was not an exchange of property, but a purchase and sale at specified prices.

Mr. Justice Compton delivered the opinion of the Court.

*Bailey* brought an action on the case against Ludwick, in the Yell Circuit Court, for deceit and false warranty in the sale of a *jack*.

The declaration alleges that the consideration paid for the animal by the plaintiff was a " certain price or sum of money, to-wit: the sum of three hundred dollars," etc.

The proof was, that the plaintiff sold the defendant a tract of land at a certain price, and received of him in payment therefor, the *jack* at $300; and the remainder of the price in other property and cash. The Court charged the jury that the plaintiff must prove the contract as alleged. The jury found a verdict in favor of the plaintiff; the defendant moved for a new trial on the grounds that the verdict was contrary to evidence and the charge of the Court; the motion was overruled, and the defendant appealed.

It is insisted by the appellant that there was a fatal variance between the consideration alleged in the declaration, and that proven upon the trial.

The evidence adduced to prove the contract should correspond with the averments in the declaration. It is, however, sufficient if there is no difference in substance and legal effect between the contract as stated and proven. It is no variance to state that the whole consideration was paid in money, where another horse is taken in part payment, if, in substance, the contract was one of sale, and not an exchange of property. 5 *Phil. Ev., C. & H., notes* 97; 2 *Sand. Pl. & Ev.* 1227; *Hand vs. Burton,* 9 *East* 349; *Selw. N. P.* 630; *Harris vs. Fowle,* 1 *H. Bl.* 287.

Here the price of the animal was proven, as alleged, and the testimony conduces to prove that the transaction was not a mere ' exchange of property, but that the appellee sold a tract of land to the appellant, and took the *jack* in part payment at $300.

We think the case falls within the rule above stated, and is distinguishable from the cases of *Penn vs. Stewart,* 6 *Eng.* 41, and *Johnson et al. vs. McDaniel,* 15 *Ark.* 107.

No question of law was raised in the Court below. The case comes here on the motion for a new trial, overruled by the circuit judge; and there being no total want of evidence to sustain the verdict, the judgment must be affirmed.

Mr. Justice RECTOR absent.